UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSELA SANDOVAL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN OF VICTORVILLE CAMP, FCI MEDIUM, I,<br><br>　　　　　Respondent. | Case No. 2:23-cv-01572-MCS-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

### I.　Pertinent Procedural History and Plaintiff's Claims

On August 4, 2023, Petitioner Ysela Sandoval ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") application of First Step Act ("FSA") earned time credits ("ETCs") to her sentence.  [Dkt. No. 1.]  The Court reviewed the Petition and found that Petitioner failed to sign and verify the Petition in violation of 28 U.S.C. § 2242.  [Dkt. No. 4.]

On August 22, 2023, the Court issued an order requiring Petitioner to sign and verify the Petition no later than September 19, 2023.  [*See* Dkt. No. 4.]  The Court's Order was mailed to the address listed on the Petition, which

was the Federal Correctional Institution in Victorville, California. [*See* Dkt. No. 1.] Petitioner did not respond to the Court's order.

On October 13, 2023, the Court again ordered Petitioner to sign a verification in support of the Petition no later than November 2, 2023. [Dkt. No. 6.] Petitioner again did not respond to the Court's Order.

According to the Bureau of Prison's inmate locator, Petitioner has been moved to the Metropolitan Detention Center in Los Angeles, California. See https://www.bop.gov/inmateloc/. Consequently, it was unclear whether Petitioner received the Court's prior orders. As a result, the Court issued an order requiring Petitioner to sign a verification in support of the Petition no later than February 10, 2024. [Dkt. No. 7.] Petitioner was cautioned that if she failed to respond to this order, the Court would recommend dismissal of this action for failure to prosecute. [*See id.*] A copy of the Court's Order was mailed to Petitioner at her new address at the MDC in Los Angeles, California.

To date, Petitioner has not responded to the Court's orders or otherwise communicated with the Court about her case. Accordingly, the case is now subject to dismissal for Petitioner's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

II. **Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*

*v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Nearly eight months have passed since the Petition was filed and Petitioner has not informed the Court of a suitable mailing address. Her lack of action hinders the Court's ability to move this case toward disposition and indicates that she does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Respondent – does not counsel in favor of dismissal because the Petition has not been served and thus, the Respondent is unaware of the pending action. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Petitioner's inaction in this matter is an unreasonable delay, given that the Court has attempted to mail several orders to Petitioner and has received no communication. In the absence of any explanation, non-frivolous or otherwise, for Petitioner's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Petitioner ample time to communicate with the Court and update her address. Petitioner was also expressly warned that failure to

comply with the Court's orders could result in dismissal. [*See* Dkt. No 7.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Petitioner has failed to participate in her own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 15, 2024

*Mark C. Scarsi*

_____
HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE